UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

*v.*

ULISSIS VERDE LOPEZ

Crim. No. 3:10cr147 (JBA)

March 16, 2015

**RULING GRANTING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On January 24, 2011, Defendant Ulissis Verde Lopez pled guilty to conspiring to possess with intent to distribute and distributing 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was sentenced [Doc. # 803] on July 21, 2011 to 144 months' imprisonment. He now moves [Doc. # 1031], pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, for a reduction in his sentence. For the following reasons, his motion is granted.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)).

"At step two, '§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

Mr. Lopez contends, and the Government agrees [Doc. # 1033], that he is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines.  That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11.  Mr. Lopez and the Government agree that applying the Amendment to Mr. Lopez yields an amended sentencing range of 135 to 168 months' imprisonment.[2]  Based on the fact that Mr. Lopez's original sentence was below the bottom of the applicable guidelines sentencing range, the Probation Office recommends [Doc. # 1027], Mr. Lopez seeks, and the Government does not object to a reduced sentence of 135 months' imprisonment.  The Probation Office notes that there are no public safety factors relevant to Mr. Lopez.

---

[1] These factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed. . .;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for. . .;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
(7) the need to provide restitution to any victims of the offense.

[2] The prior range was 168 to 210 months' imprisonment.

Upon full consideration of the factors set out in § 3553(a), the Court concludes that a reduction in Mr. Lopez's sentence to 135 months is appropriate, and such a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782, which is to move toward alleviating "the significant overcapacity and costs" of federal prisons. U.S.S.G. Amendment 782 (policy statement). Because Mr. Lopez's original sentence was below the bottom of the applicable guideline range, his term of imprisonment will be reduced to the bottom of the revised guideline range, 135 months.

For the foregoing reasons, Mr. Lopez's Motion [Doc. # 1031] for Reduction in Sentence is GRANTED and, effective November 1, 2015,[3] his term of imprisonment is reduced to 135 months. All other aspects of the original sentence shall remain in effect.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of March, 2015.

---

[3] Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the order is November 1, 2015, or later." However, an application note explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10, comment (n.6).